# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re The Matter of an Arbitration Between: | Court File No. _____ |
| International Seaway Trading Corporation, | |
| Claimant, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA** |
| v. | |
| Target Corporation, | |
| Respondent, | |
| _____ | |
| Target Corporation; Target Global Sourcing Limited, and Target General Merchandise, | |
| Counter-Claimants, | |
| v. | |
| International Seaway Trading Corporation, | |
| Counter-Respondent. | |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 45(d)(3)(ii) and (iv), non-party Lawrence ("Larry") Satz, who resides in St. Louis, Missouri, respectfully submits this Memorandum of Law in support of his Motion to Quash a pre-hearing subpoena/summons to appear for deposition issued by the JAMS Arbitrator in the above-captioned, Minneapolis-venued arbitration on December 15, 2020 (herein, the "Subpoena").

1

This motion is grounded in the well-settled premise that, "[n]on-parties to an arbitration agreement have not subjected themselves to the authority of an arbitrator and, therefore, have not limited their rights beyond the FAA [Federal Arbitration Act]. Accordingly, the authority for an arbitrator to summons non-parties to produce pre-hearing discovery must be found within the FAA." *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, (11th Cir. 2019). Here, the arbitrator lacked such authority under the FAA to compel attendance of a non-party residing outside of territorial limits to a second pre-hearing deposition. Accordingly, the present motion should be granted and the Subpoena of Mr. Satz quashed.

## **BACKGROUND FACTS**

The parties to the instant arbitration are International Seaway Trading Corporation ("ISTC") and Target Corporation ("Target"). ISTC was a vendor of large quantities of shoes and boots to Target and was required to agree to be bound by Target's standard "POL" or Partners On Line contract which provided that any and all disputes be subject to binding arbitration and arbitrated in Minneapolis before an arbitration service of Target's choice. (Finley Declaration Exhibit A, paragraph 23).

Target claimed that a sizeable number of shoes and boots supplied by ISTC in 2018 were defective, refused to pay some outstanding invoices, demanded a refund of monies paid and engaged another vendor to produce ISTC's shoe designs. ISTC initiated an arbitration before JAMS in Minneapolis and Target counterclaimed alleging breach of its POL contract

and asserting defenses under that contract. The Honorable Retired Judge James M. Rosenbaum was appointed arbitrator.

At Target's request, the arbitrator issued a subpoena for the deposition of Larry Satz (the moving party), a resident of St. Louis, Missouri (Finley Declaration Exhibit B). Mr. Satz was formerly an employee of ISTC who dealt with Target until Target terminated its relationship with ISTC in 2018. During an almost 7-hour deposition, Mr. Satz testified that he was a part owner of ISTC until 2014, when he sold his interest. He also testified that he had not retained any documents pertaining to ISTC, including the sale agreement and that his only knowledge as to the purchasers of his interest was that they were a group of investors represented by Cho Kwan who became the Chief Executive Officer of ISTC. (Finley Declaration Exhibit C at 7-11, 39 and 48-49). After Mr. Satz testified repeatedly to his lack of knowledge as to the ownership of or investors in ISTC, his counsel instructed him not to answer any further questions as to ownership of ISTC on grounds of relevance (Finley Declaration Exhibit C at 47). Target asserted that ownership was relevant to one of ISTC's defenses that certain provisions of its POL contract were unconscionable. (Finley Declaration Exhibit C at 25-26, 40-41).

Subsequently, ISTC advised Target and the arbitrator that it was closing its business and would no longer be pursuing its claims in arbitration, nor defending against Target's claims. (Finley Declaration Exhibit D). Target's counsel responded that it was agreeable to withdrawal of ISTC's claim, provided that Target be declared the prevailing party in the arbitration (Finley Declaration Exhibit E).

Target then sought the issuance of a second subpoena to Mr. Satz requiring him to attend a one-hour deposition as to ISTC's ownership and produce documents evidencing the ownership of ISTC since 2014. Mr. Satz filed a number of objections, including an objection as to the arbitrator's authority to issue a pre-hearing deposition subpoena (Finley Declaration Exhibit F). The arbitrator overruled these objections (Finley Declaration Exhibit G) and issued a second subpoena requiring Mr. Satz' attendance at a 3-hour deposition limited to the topic of ISTC's ownership with production of documents evidencing ownership since 2014. (Finley Declaration Exhibit H).

As discussed in detail below, the Arbitrator's Order incorrectly stated that: "Under the FAA and Eighth Circuit precedent an arbitrator has the power to subpoena a third-party witness during pre-hearing discovery." *See e.g.*, *In re Security life Ins. Co. of Am.* 228 F.3d 865, 870-871(8th Cir. 2000) (Finley Declaration Exhibit G, paragraph 8). The Subpoena set the deposition date for January 6, 2021, which date was subsequently continued to January 14, 2021 (Finley Declaration Exhibit I), and directed Mr. Satz to address a motion asserting that the Subpoena is unenforceable to this Court. This motion to quash now follows.

## ARGUMENT

**I. The Federal Arbitration Act does not authorize an Arbitrator to issue a pre-hearing deposition subpoena to a non-party witness residing outside of prescribed territorial limits.**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 7 states as follows:

> The arbitrators selected… may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees

4

> of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

By its plain language, Section 7 "unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time," and therefore "prohibit[s] pre-hearing discovery from non-parties." *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir. 2004) (authored by then-Judge Samuel Alito); *Managed Care Advisory Grp.*, 939 F.3d at 1159.

While the Eighth Circuit Court of Appeals held in a decision pre-dating the above-referenced decisions that Section 7 implicitly allows an arbitrator to subpoena relevant documents from a non-party for review by a party prior to the arbitration hearing, it did not decide the relevant issue in this motion—whether this "implicit" authority extended to the issuance of subpoenas to non-parties for pre-hearing depositions. *In Re Security Life Ins. of Am.*, 228 F.3d 865 (8th Cir. 2000). The issue of whether the FAA authorized pre-hearing deposition subpoenas was mooted by the non-party's voluntary compliance with a subsequent subpoena issued by a court in which the non-party resided compelling its attendance while the appeal was pending. *Id.* at n.2, 870. Given the subsequent decisions

5

from its sister courts determining that such pre-hearing deposition subpoenas are not permitted under the plain and unambiguous language of Section 7, it is likely that the Eighth Circuit would similarly decide the issue. *See, e.g.*, *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017); *Life Receivables Tr. v Syndicate 102 at Lloyd's London*, 549 F.3d 210, 216 (2d Cir. 2008); *Hay*, 360 F.3d at 410; *Managed Care Advisory Grp.*, 939 F.3d at 1159. As such, the lack of authority for the arbitrator's subpoena of Mr. Satz's pre-hearing deposition under Section 7 is alone a basis to grant the present motion to quash.

An additional basis for granting the motion is Mr. Satz's residence in St. Louis, Missouri outside of the territorial limits set forth in Fed. R. Civ. P. 45(c), which Section 7 incorporates by reference through the phrases "in the same manner provided by law" and "in the manner as subpoenas to appear and testify before the court." *See, e.g.*, *Managed Care Advisory Grp.*, 939 F.3d at 1157 (recognizing that, "without specifically citing the rule by name," Section 7 incorporates Rule 45 by reference to "shall be served in the same manner as subpoenas to appear and testify before the court") (citing *Jam v. Int'l Fin. Corp.*, 139 S. Ct. 759, 763 (2019) ("When a statute refers to a general subject, the statute adopts the law on the subject as it exists whenever a question under the statute arises.")). As a result of 2013 amendments, Rule 45(c) restored strict territorial limitations on the subpoena power of the court to require attendance at trials and hearings and to compel production of documents and witnesses for deposition.

Stated differently, post-2013, Rule 45 gave the issuing court personal jurisdiction over a subpoenaed witness located anywhere in the United States; but the subpoena would

6

not be enforceable against a witness refusing to appear who resides outside of the 100-mile territorial limit. Fed. R. Civ. P. 45(b)(2), 45(c) (1)-(2). This is precisely the "thorny question" contemplated (but reserved for another day) by the Eighth Circuit in *Security Ins.* that "present[s] what may be a serious problem in the enforcement of witness subpoenas under the FAA." *Security Ins.*, 228 F.3d at 871-872. In the context of this motion, it presents further grounds for granting the requested relief and quashing the Subpoena.

Based on the foregoing, the arbitrator lacked authority under Section 7 of the FAA to issue the Subpoena and Rule 45's territorial limits preclude this Court from enforcing it; thus, the present motion should be granted for these reasons.

## II. The Non-Party Witness Does not Consent to a Second Deposition Exceeding the 7-Hour Limit and the Undue Burden Associated Therewith.

In the December 15, 2020 Order responding to Mr. Satz's objections to a second deposition, the arbitrator appeared to suggest without explanation that Mr. Satz's attendance at an earlier October 29, 2020 deposition without objection was relevant to his attendance at a second deposition (Exhibit G, paragraph 10). This ignores, however, that Mr. Satz consented to attend the original deposition and that such consent does not bind him to attending a second deposition under a separately issued Subpoena. This is particularly true where, as here, the first deposition lasted for almost seven hours, the durational limit set forth in Fed. R. Civ. P. 30(d) (1). Further, there is no basis to force Mr. Satz to testify for more than seven hours, regardless of the arbitrator's views of the propriety of relevancy objections made by his counsel at the first deposition, because his prior testimony undisputedly established that he has no knowledge of or documents related to the topic of ownership of

7

ISTC upon which the arbitrator ordered a second, three-hour deposition. *See* Exhibit C (Satz Dep. Tr., pp. 7-8; 39-40; 48-49).

The topic of ISTC ownership is also moot because Target's counsel conceded it related to ISTC's "defenses" which have since been withdrawn given ISTC's notification that it will not contest or defend against Target's counterclaims. *Compare id.* at p. 26 ("It goes to the sophistication of the company. I mean, one of your defenses is that the terms—it goes to your unconscionability defense."), *with* Exhibit D. Accordingly, quashing the Subpoena serves the purpose of protecting Mr. Satz from undue burden and expense of a second deposition that would subject him, a non-party, to a total of ten hours of deposition testimony, which is entirely inconsistent with and disproportional to the needs of this case as currently postured.

Under the facts of this case and independent of the lack of authority for same as set forth in Section I, where the deponent is 70 years of age, has already endured almost 7 hours of deposition questioning, has testified that he has no responsive documents or further testimony as to the ownership of ISTC, there is no basis to subject him to another 3 hours of deposition on the issue of ISTC's ownership nor is such undue burden proportionate to the needs of the case. As such, this is a separate basis upon which to grant the present motion and quash the subpoena.

## **CONCLUSION**

The Arbitrator's second Subpoena of Mr. Satz to a second 3-hour deposition should be quashed on grounds that:

(1) The Subpoena exceeds the arbitrator's authority under Section 7 of the FAA, pursuant to which it was issued;

(2) Compliance with the Subpoena is unenforceable against Mr. Satz as a non-party, out-of-state witness beyond the territorial limits in Fed. R. Civ. P. 45(c);

(3) The subpoena is burdensome in providing for a 3-hour deposition on one topic—ownership of ISTC—from a non-party witness who has already been deposed for almost 7 hours, when Target only sought 1 hour of deposition;

(4) The subpoena is futile since (a) Mr. Satz has already testified (over his counsel's relevancy objections) that he does not possess the documents or any other information about the singular topic of ISTC's ownership; and (b) while the arbitrator has found that ISTC's ownership "may be relevant to Target's claims", without explaining the basis for this finding, ownership can no longer be relevant since ISTC has advised that it is not contesting Target's claims.

Respectfully submitted:

MESSERLI & KRAMER, P.A.

Dated: December 31, 2020

*s/ Molly Hamilton Cawley*
George R. Serdar (#99259)
Molly Hamilton Cawley (#0349781)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-4218
Telephone: (612) 672-3600
gserdar@messerlikramer.com
mhamilton@messerlikramer.com

and

HENNEFER, FINLEY & WOOD, LLP
Steven C. Finley (State of CA #074391)
11 Embarcadero West
Suite 140
Oakland, CA 94607
Telephone: (510) 272-0200 ext. 305
sfinley@finleylaw.biz
*Pro Hac Vice* application pending

ATTORNEYS FOR LAWRENCE SATZ

2214792.v1